GALBLUM, ET AL. t/a Montgomery Hills Associates
*v.* BOARD OF APPEALS OF MONTGOMERY
COUNTY

[No. 347, September Term, 1969.]

*Decided May 11, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Joel Savits,* with whom were *Samuel Barker* and *Barker & Savits* on the brief, for appellants.

*Stephen J. Orens, Assistant County Attorney,* with whom were *David L. Cahoon, County Attorney, Alfred H. Carter, Deputy County Attorney,* and *Stanley D. Abrams, Assistant County Attorney,* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Montgomery County, as part of its plan of government, utilizes four special taxing areas known as Parking Lot Districts. These districts embrace those older parts of the County which had developed commercially and industrially prior to the adoption of section 111-27 of the Zoning Regulations of Montgomery County effective in other areas of the County, which requires the furnishing of a specified number of off-street parking spaces as a prerequisite to the granting of a building or occupancy permit for a business use. The districts were formed to permit the collection of extra tax revenues to be used in the district in which collected, for the acquisition and maintenance there of public parking lots and garages.

The law governing the creation and operations of these Parking Lot Districts is now codified as Ch. 44 of the Montgomery County Code 1965. Section 44-3, as amended by Ch. 4 of the 1967 Laws of Montgomery County, authorizes the levying annually of a tax of up to one dollar per hundred dollars of real and tangible personal property in each district "used in whole or in part for commercial, industrial or general business purposes." These taxes are described as "special taxes in the nature of ad valorem taxes" and are "in every respect [to] be treated the same as ordinary taxes." By section 44-4 the County Council is authorized "to adopt and amend by ordinance

standards, schedules and regulations for off-street parking facilities in order to qualify land and improvements for exemption from the ad valorem tax in any parking district as authorized by section 44-6 of this Code." Section 44-6 reads:

"Land and improvements thereon within each district and tangible personal property thereon or therein shall be totally exempt from the taxes prescribed in section 44-3 of this Code if the owner thereof or his lessee shall provide off-street parking facilities complying with the standards set forth in section 44-4 of this Code."

The County Council has not adopted by ordinance or otherwise standards, schedules and regulations "in order to qualify land and improvements for exemption * * *," although section 111-27 c of the zoning regulations specifies the number of off-street parking spaces every business and industrial use elsewhere in the County must furnish.[1] We were told at the argument that the practice has been to use the standards of section 111-27 c as the exemption standards for parking lot districts and that exemption from the parking tax is granted only if a business has furnished the full and exact number of spaces it would be required to furnish if it were located outside a district. In practice there has been either complete exemption or full liability with no gradation for the extent of compliance or non-compliance with section 111-27 c.

The appellants operate a trading stamp redemption center in the Montgomery Hills Parking Lot District on which they have been required to pay some $1,000 a year as special parking taxes because they have but 18 park-

1. Prior to 1964 the standards for exemption referred to in section 44-6 did exist. *See* Montgomery County Code (1960), § 44-4; Montgomery County Code (1955), § 45-4. However, by Ch. 3 of the 1964 Laws of Montgomery County these standards were repealed. By Ch. 15 of the 1964 Laws the County Council enacted the present section 44-4 of the Code, which as quoted above authorized the Council to adopt and amend new standards for exemption. It is this ordinance under which the County Council has failed to adopt new standards.

ing spaces, and the standards of section 111-27 c require 41. In an effort to escape these taxes, they applied to the Board of Appeals not for the exemption allowable by section 44-6 but for the variance which is provided by section 111-27 b (3) as follows:

"The Board of Appeals shall have authority * * * upon application by any interested party to reduce the number of parking spaces required upon a finding that the use proposed will be conducted in a building already existing and will be adequate for such proposed use."

Their theory (and their testimony) was that 18 parking spaces were adequate for their use, and if the Board reduced the requirement of 41 spaces to 18, they would be in full compliance with section 111-27 c and entitled to complete exemption from parking taxes.

Unfortunately for appellants the Board held that:

"Although Section 111-27.b.(3) gives the Board of Appeals authority to reduce the number of parking spaces required pursuant to certain findings, Section 111-27.b.(1) provides that its provisions shall not apply within any parking lot district established in accordance with the Montgomery County Code. Therefore, the authority of the Board to change the parking requirements (Section 111-27.b.(3)) is not available to the petitioner, it being conceded that the subject property is in fact within such a parking lot district,"

and in the Circuit Court Judge Shure upheld the Board, finding its construction of the ordinances to have been correct.

We agree that appellants are not entitled to exemption from the special parking tax. Section 44-6 grants exemption only if the taxpayer "shall provide off-street parking facilities complying with the standards set forth in section 44-4 * * *." The standards contemplated by section

44-4 are those to be adopted by the County Council and the Council has not exercised the authority granted it by section 44-4 to set the standards on which the grant of an exemption is to be based. Appellants do not challenge the constitutionality of section 44-3 or its applicability to them, and since the legislative body has afforded them no basis on which to predicate the grant of an exemption cannot prevail in seeking to escape the tax.

In an effort to escape the bind in which they find themselves, appellants somewhat ingeniously attempt to rely on section 111-27 despite its statement that generally it is not to apply to parking lot districts. That section is titled Automobile Off-Street Parking Requirements. Part a is headed General Provisions and is not pertinent here. Part b is headed Exceptions, and paragraph 1 thereof reads:

> "(1) Except as hereinafter provided, the provisions of Section 111-27 shall not apply within any parking lot district established in accordance with Chapter 44 of the Montgomery County Code; provided that multi-family dwellings permitted under Section 111-21a (5) in the C-2 Zone shall provide off-street parking as required by this ordinance whether or not such dwellings are located in a parking lot district; and provided further that for any building or premises used for commercial or industrial purposes, adequate off-street space for the loading and unloading of materials shall be provided, taking into consideration the size and proposed use of the building, except where access for loading and unloading is otherwise available and will not cause interference with the flow of vehicular and pedestrian traffic in the area."

Appellants say that the word "hereinafter" in the opening phrase "except as hereinafter provided" refers not only to the two exceptions immediately thereafter spelled out in paragraph (1) but to the other provisions of Part

b, including paragraph (3), the variance escape valve on which appellants relied before the Board and the court.[2]

Although appellants blithely ignore part c of section 111-27, it becomes immediately manifest that unless part c, headed Schedules, which sets the required number of parking spaces for each particular business, commercial and industrial use, is made applicable under their theory to parking lot districts as an "exception" included within the reach of the opening words of paragraph (1) of Part b of section 111-27, the Board would have nothing to vary as far as parking lot districts are concerned, since there would be no requirement for parking spaces in such districts.

It is equally manifest that the Schedules—which prescribe in detail the number of parking spaces required for some 45 specified business, commercial and industrial uses—were not intended to apply to or cover parking lot districts. Under the most liberal and elastic view the Schedules, the very heart of section 111-27, which in terms is stated not to generally embrace parking lot districts, could not be considered a "hereinafter otherwise provided" mandate which did apply to those districts. It is clear to us that on its face the word "hereinafter" means "within this paragraph." It is significant that the description in paragraph b (1) of the first use in parking lot districts to which section 111-27 is to apply is preceded by the word "provided" and that the second description is preceded by the words "further provided." There is no similar use of "provided" thereafter in section 111-27. In effect, as we see it, section 111-27 b (1) reads:

"* * * none of the provisions of Sec. 111-27

2. Paragraph (2), which authorizes the Board of Appeals to grant waivers of off-street parking requirements for buildings built prior to March 6, 1928, "in that area which was known as the Maryland-Washington Regional District as it existed prior to June 1, 1958," and for buildings prior to March 1, 1956, "in that area known as the Upper Montgomery County Planning District as it existed prior to June 1, 1958," could hardly have been intended to refer to parking lot districts as such and this evident fact does not help appellants' construction of section 111-27.

shall apply within any parking lot district except that multi-family dwellings shall provide off-street parking as required by this ordinance whether or not in a parking lot district and except that adequate off-street parking must be provided for the loading and unloading of materials in parking lot districts as elsewhere."

That this is the interpretation of section 111-27 intended by the County Council when it enacted that section becomes clear when it is recognized that until 1959 what is now section 111-27 b (1) read simply, "The provisions of this section shall not apply within any parking lot district now established by law." See Montgomery County Code (1955), § 107-18 b. (Amendments in 1959 and 1960 changed the language of the section to read as it does today. See Ordinance No. 4-22, 1960 Laws of Montgomery County at 46; Ordinance 4-53, 1961 Laws of Montgomery County at 41.) The reason why these provisions were not made applicable to parking lot districts also becomes obvious when it is recognized that at that time separate exemption provisions were provided for parking lot districts. See note 1, *supra*.

Many of the purposes of and benefits of Ch. 44 would be defeated or frustrated if section 111-27 were read as appellants would have us read it, and we cannot so construe it.

*Order affirmed, with costs.*